Revised Local Form 103(Ch. 13 Plan)
Del. Bankr. L.R. 3203-1(b)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | * |
| | * CASE NO. |
| ERIC D. TAYLOR | * |
| | * |
| | * CHAPTER 13 |
| Debtor. | * |

## CHAPTER 13 PLAN

**NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1**

The future earnings of the Debtor are submitted to the supervision and control of the Court and the Debtor (or the Debtor's employer) shall pay to the Trustee the sum of $ 400.00 (monthly) for 60 months.

From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

    1. Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C., Section 507;

        (A)    Debtors' Counsel Fees                  $1,175.00
                    Debtors' Counsel Fees shall be paid in full prior to any other creditor.
        (B)    Priority Taxes –                           $ N/A
        (C)    Other Priority or Administrative Expenses    $ N/A

    2. Pro-rata with dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

        (A)    Long term or mortgage debt – PRE- PETITION ARREARAGE ONLY, to be paid to: N/A

        This section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b)(ii) and the parties shall be so governed.

        (B)    Secured debt (cramdown) – Pro-rata payments to: HSBC – Best Buy in the amount of $600.00 for payment in full of the value of the property, plus interest at the rate of 5.25% per annum, for the Laptop. Total payments will be $612.14.

3. Surrender – Secured Collateral to: NewDay Financial the real property located at 42 Augustine Place, Bear, Delaware. Debtor abandons such property and agrees that the Automatic Stay under 11 U.S.C.§362 is terminated as to the property and any interest in the property. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

4. Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid [ ] A dividend of 100% of their allowed claim, or [ x ] a pro rata dividend of

1. Approximately $ N/A TO BE PAID BIOC or
2. Approximately $ 20,031.04. This equals Disp. Income x 60 months as calculated under 11 U.S.C. §1325(b), or [x] a pro-rata dividend, if any.

5. The following leases or executory contracts of the debtor will be treated as follows: NONE.

6. Title to the Debtor(s) property shall revest in the Debtor on confirmation of the Plan.

7. Other special provisions of the Plan: N/A

8. A proof of claim must be filed in order to share in distributions under the plan. Proofs of claim in duplicate shall be delivered or mailed to Clerk, United States Bankruptcy Court, 824 North Market Street, Wilmington, Delaware 19801.

_____  6/27/2011
Robert D. Cecil, Jr., ESQ.        Date
Attorney for Debtor(s)

_____  6/27/11
Eric D. Taylor                    Date

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

IN RE:                                 \*

                                     \*   CASE NO.

ERIC D. TAYLOR                \*

                                     \*

                                     \*   CHAPTER 13

             Debtor(s).             \*

## CHAPTER 13 PLAN ANALYSIS

Debtor:_____     Case No._____

Prior: Bankruptcy ( )    Chapter 13 ( )         Date:_____

Estimated Length of Plan: 60 months.             Trustee Use:

§341 Meeting Date:_____            Continued:_____

Confirmed Date: _____

---

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND
ADMINISTRATIVE EXPENSES

| | | | |
|---|---|---|---:|
| A. | TOTAL PRIORITY CLAIMS (Class One) | | $ 1,175.00 |
| | 1. Unpaid attorney's fees............................. | | $ 1,175.00 |
| | 2. Taxes............................................ | | $ 0.00 |
| | 3. Other........................................... | | $ 0.00 |
| B. | TOTAL OF PAYMENTS TO CURE DEFAULTS (Class Two)...... | | $ 0.00 |
| C. | TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three).... | | $ 612.14 |
| D. | TOTAL OF PAYMENTS ON UNSECURED CLAIMS (Class Four).. | | $ 20,031.04 |
| E. | SUB-TOTAL............................................ | | $ 21,818.18 |
| F. | TOTAL TRUSTEE'S COMPENSATION (10% of debtor's payment).. | | $ 2,181.82 |
| G. | TOTAL DEBT AND ADMINISTRATIVE EXPENSES............ | | $ 24,000.00 |

---

RECONCILIATION WITH CHAPTER 7

H.      INTEREST OF CLASS FOUR CREDITORS IF CHAPTER 7
         FILED

         1.    Value of debtor's interest in non-exempt property. ..........    $    0.00
         2.    Plus: value of property recoverable under avoiding powers ...    $    0.00
         3.    Less: estimated Chapter 7 administrative expenses........ ...    $    0.00
         4.    Less: amounts payable to priority creditors other than
               costs of administration.................................    $    0.00
         5.    Equals: estimated amount payable to Class 4    creditors
               if Chapter 7 filed (if negative, enter zero) ................    $    0.00
I.      ESTIMATED DIVIDEND UNDER PLAN.....................    $ 20,031.04

_____  6/27/2011
Robert D. Cecil, Jr., ESQ.         Date
Attorney for Debtor(s)

_____  6/27/11
Eric D. Taylor                     Date

L:\Bkch13pl